# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DALFIO,<br><br>         Plaintiff,<br><br>v.<br><br>ELAN ENTERPRISE, LLC,<br><br>         Defendant. | Case No.: 21-CV-0949 W (LL)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR STAY AND EARLY NEUTRAL EVALUATION CONFERENCE [DOC. 10]** |

  On October 1, 2021, Defendant Elan Enterprises, LLC, filed the pending ex parte application for a Stay and Early Neutral Evaluation Conference ("ENE") under California Civil Code § 55.54 and California Code of Civil Procedure § 425.55. Plaintiff did not respond to the application. For the following reasons, the Court will deny the motion.

  First, procedurally, Defendant's ex parte application fails to comply with this Court's Chamber's Rules and California Civil Code § 55.54. Both require a declaration in support of the application. See Chamber's Rule 5.a.; Civ. Code § 55.54(c)(1). Defendant's ex parte application does not include a declaration and for this reason alone the application is denied.

  Second, section 55.54 is preempted by the Americans with Disability Act. In O'Campo v. Chico Mall, LP, 758 F.Supp.2d 976 (E.D.Cal. 2010), the district court

1

explained that for "federal law to preempt state law, it is not necessary that a federal statute expressly state that it preempts state law. Federal law preempts state law if the state law 'actually conflicts' with federal law." Id. at 984–85 (quoting Hubbard v. SoBreck, LLC, 554 F.3d 742 (9th Cir.2009)).  The court then reasoned that

> the ADA has no provision for mandatory stays and early settlement conferences where a public accommodation has been inspected by a state official and found to be in compliance with federal as well as state law.  Any state law requirement that a claim brought under the ADA be subjected to such a procedure, then, clearly conflicts with federal law. Thus, the Act is preempted to the extent it applies to plaintiff's ADA claim.

Id. at 985; see also Moreno v. Vohra, 2014 WL 2721770, *1 (E.D.Cal. 2014) ("[S]ection 55.54 's provisions are preempted by the ADA and cannot be applied to plaintiff's ADA claim.  [Citations omitted.]").  Similarly, district courts have refused to apply the procedures of section 55.54 to supplemental state law claims because "under Erie Rail Co. v. Tompkins, 304 U.S. 64 (1938), and related cases, … [section 55.54's] provisions are not outcome determinative. [Citations omitted.]" Noble v. Merlo, 2016 WL 5724950, *2 (E.D.Cal. 2016); see also Moreno, 2014 WL 2721770, *1 ("It appears that all California federal courts to have considered the issue have found that, under Erie Rail Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and related cases, a federal court should not apply the procedures of California Civil Code section 55.54 to supplemental state law claims either because its provisions are not outcome determinative. [Citations omitted.]").

For these reasons, the Court **DENIES** Defendant's ex parte application [Doc. 10] to stay and for an early ENE [Doc. 18].

**IT IS SO ORDERED**.

Dated:  October 7, 2021

_____
Hon. Thomas J. Whelan
United States District Judge